CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
JUL 1 4 1999
ROBERT M. MARCH
CLERK

LARRY BRIAN SANDERS,

    Petitioner,

vs.

No. CV-99-0518 BB/RLP

U.S. PAROLE COMMISSION,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus. On January 29, 1988, Petitioner was sentenced to nine years and seven months in prison by a Mexican court for transporting marijuana. Under the Treaty on Execution of Penal Sentences, Nov. 25, 1976, U.S.-Mex., 28 U.S.T. 7399 ("Treaty"), Petitioner was subsequently transferred to the custody of the United States Attorney General. The U.S. Parole Commission ("Commission") later released Petitioner on parole, followed by a series of parole revocations and re-releases. Petitioner, currently incarcerated pursuant to the Commission's latest warrant for violation of parole, asserts he is confined beyond the expiration of the prison term imposed in the Mexican criminal proceeding. Respondent disagrees on grounds that Petitioner forfeited certain "street time" while on parole, and thus Petitioner's prison term has not expired. For the reasons below, the petition will be denied.

The dispute between the parties arises from the Commission's administrative forfeiture of street time for those periods when Petitioner was in violation of parole ("absconder status") but had not yet been returned to custody. Petitioner argues that by forfeiting street time, the Commission acted without jurisdiction, extending or modifying his sentence in violation of articles V and VI of the Treaty. As a result, his current confinement is illegal because his nine-year, seven-month sentence has expired.



Respondent counters that, under the Treaty and United States laws governing execution of transferred sentences, forfeitures of street time were proper in this case. According to Respondent, Petitioner is merely serving the term to which he was sentenced.

When Petitioner was transferred from Mexico to the United States under the Treaty, jurisdiction of his sentence no longer lay exclusively in either country. Petitioner's return to the United States transferred the determination of the "completion" of his sentence to the jurisdiction of the United States Attorney General. Art. V, ¶ (2), 28 U.S.T. at 7405. The Mexican court retained exclusive jurisdiction of any proceeding to modify the sentence, art. VI, 28 U.S.T. at 7406, and the United States was prohibited from extending Petitioner's sentence beyond the term imposed by the Mexican court. Art. V, ¶ (3), 28 U.S.T. at 7406. The implementing statute specifies that completion of the sentence must be "under the same conditions and for the same period of time as an offender who had been committed to the custody of the Attorney General by a court of the United States for the period of time imposed by the sentencing court." 18 U.S.C. § 4105(a). The question, then, is whether forfeiture of street time is part of the "completion" of a sentence transferred to U.S. jurisdiction, or whether such forfeiture usurps Mexico's jurisdiction by extending or modifying a sentence imposed there.

The Commission's forfeiture of Petitioner's "absconder status" street time did not extend or modify his sentence. "First, the [United States'] obligation is to give 'legal effect' to a foreign sentence." *Verner v. U.S. Parole Comm'n,* 150 F.3d 1172, 1176 (10th Cir. 1998) (quoting art. III, ¶ 9), *cert. denied,* --- U.S. ---, 119 S.Ct. 878 (Jan. 19, 1999). Second, the Commission's determination of a prisoner's remaining term of imprisonment "is in procedure, substance, and effect tantamount to the imposition of a federal sentence, and it should, for all practical purposes, be treated as such." *Bennett v. U.S. Parole Comm'n,* 83 F.3d 324, 327 (10th Cir. 1993) (quoting *Trevino-Casares v. U.S. Parole Comm'n,* 992 F.2d 1068, 1069 (10th Cir. 1993); *Molano-Garza v. U.S. Parole Comm'n,* 965 F.2d 20, 23 (5th Cir. 1992). "[T]he Treaty separately and distinctly addresses the application of United States

2

laws regarding the completion of a transferred offender's fixed prison term. And it in no uncertain terms requires the application of the laws of the United States...." *Verner*, 150 F.3d at 1177. As argued by Respondent, applicable case law holds that a sentence does not necessarily terminate at a predetermined date, but rather when the amount of time imposed has been served. *Powell v. United States Bureau of Prisons*, 695 F.2d 868, 870 (5th Cir. 1983); *Boyden v. Reno*, 106 F.3d 267, 269 (9th Cir. 1997).

Furthermore, " 'the parole laws of the receiving state shall govern the release of a transferred offender...; [and] execution of the sentence is to be carried out according to the rules and practices prevailing in the state to which [the offender] is transferred.' " *Verner*, 150 F.3d at 1176 n.8 (quoting from legislative history of 18 U.S.C. § 4106). Under parole laws of the United States, a parolee who violates parole may forfeit street time between issuance of a warrant for violation and the parolee's return to custody. *Boyden v. Reno*, 106 F.3d at 269; 28 C.F.R. § 2.44(d). Such time is simply not in service of the sentence. *Anderson v. Corall*, 263 U.S. 193, 196 (1923). Petitioner's vigorous recitation of language in a footnote by the Fifth Circuit does not vary this rule; the court simply noted that "street credits earned by transferees under the Treaty <u>while on parole in Mexico</u> may not be forfeited for parole violations committed in the United States." *Powell*, 695 F.2d at 871 n.6 (emphasis added). The statement in *Powell* is not contrary to the conclusion herein, and Respondent's forfeiture of Petitioner's street time after Petitioner's transfer to the United States did not extend or modify Petitioner's sentence. The motion will be denied.

IT IS THEREFORE ORDERED that Petitioner's petition for writ of habeas corpus is DENIED, all pending motions are DENIED as moot, and this proceeding is DISMISSED with prejudice.

UNITED STATES DISTRICT JUDGE

3